the record and proceedings below returned be quashed, but without costs, for that is the practice.†

## STATE v. PRETTYMAN.

Court of Quarter Sessions.  Sussex.  April, 1799.

*Wilson's Red Book, 231.**

A Mulatto (the person injured), whose mother is white, offered as a witness by defendant, and objected to by *Ridgely*.

*Bayard*.  By 2 Del.Laws 887, "No person manumitted etc. can give evidence against a white person," but he may for him, because the Act does not exclude such evidence.  In Strange Reports [1] it is ruled that bail may be witness against defendant, but not for him, and the reason is, because it is against his interest. The principle of the Act is to prevent negro evidence in favor of Negroes and against white persons, but in this case the evidence is to be merely in favor of a white person and is therefore not excluded by the Act.

*Ridgely*.  In *Hall and Collins*,[2] it was not held necessary that the Negro should have been manumitted, or his ancestors, his color ascertained him here to have descended of slaves.  In the *State v. Farsons* [3] and *State v. Bender* [4] this point seems to have been already determined on the spirit of the Act.  Negroes are prohibited many other privileges besides that of not being witnesses, except for redress of injuries done them etc.

*Bayard*.  The spirit of the law beyond the plain meaning of the words is something vague and uncertain.  The question is wheth-

---

† Incomplete docket entries follow this case in *Wilson's Red Book, 230*, and are omitted here.

* This case is also reported in *Rodney's Notes*, April 27, 1799.

[1] Footnote by Wilson, "1 Term 164, bail cannot be witnesses for their principal.  The point is sustained by a case in 1 Str. 480, but does not mention bail, *viz. Atwood v. Dart*."

[2] *Wilson's Red Book, 4.*

[3] *Id.* at 21.

[4] *Id.* at 11.

er this mulatto can be a witness in favor of a white person. The Act of Assembly is only to prevent such evidence against a white person. In *Collins v. Hall* it was a contest between white persons, and the Negro's evidence for one must be against the other. *State v. Farsons* was founded on the *State v. Bender,* which I always thought exceptionable, and it was a case determined *ex necessitate rei.* Negroes have always the advantage of white testimony and black; the whites upon this construction have only the advantage of white, but on my construction they have also the evidence of blacks in their favor.

BOOTH, C. J. We think the law is designed to prevent negro evidence in favor and against a white person, and that this witness is inadmissible.

### STATE v. MITCHELL KERSHAW.

Court of Quarter Sessions. Sussex. April, 1799.

*Wilson's Red Book, 232.*

*Ridgely* showed payments to defendant by Caesar to about £90, that the Negro had labored and contracted for himself for some time, refused to file a petition, because the Negro was not detained in slavery, and offered that Caesar should be sworn.

BOOTH, C. J. The Court think from everything laid before us that there is a presumption in favor of Caesar's freedom and allow him his oath.

The Negro was sworn and showed sufficient ground of apprehension of danger, but mentioned no threats from defendant.